# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DEJUAN WILLIAMS,**

    **Plaintiff,**

**vs.**                                                **Case No. 4:25cv508-MW-MAF**

**LEXIS NEXIS RISK SOLUTIONS,**

    **Defendants.**

**_____/**

## REPORT AND RECOMMENDATION

This case was removed to this Court in December 2025. ECF No. 1. Review of Defendant's notice of removal, ECF No. 1, and Plaintiff's complaint, ECF No. 9, revealed that jurisdiction in this Court was appropriate pursuant to 28 U.S.C. § 1331. ECF No. 8. However, Plaintiff's complaint ("Statement of Claim") was found to be deficient because Plaintiff did not sign the complaint as required by Federal Rule of Civil Procedure 11(a).

Even so, Defendant had filed a motion to dismiss Plaintiff's complaint or, in the alternative, a motion for more definite statement, ECF No. 7, on December 19, 2025. Defendants' request for a more definite statement

was granted.  ECF No. 8.  Beyond the signature deficiency which, in and of itself would provide a basis for requiring Plaintiff to file an amended complaint, Plaintiff's complaint did not provide the necessary statement of facts to support Plaintiff's claims.  Plaintiff did not clarify how his consumer rights were violated, he did not cited to a specific provision of the Fair Credit Reporting Act ("FCRA") that was violated, nor did Plaintiff state when any of the relevant underlying events transpired.  Furthermore, both of Plaintiff's FCRA and defamation claims presented conclusory assertions unsupported by facts.  Because Defendant could not meaningfully respond to the complaint as filed, Plaintiff was required to file an amended complaint by **February 9, 2026**.[1]  ECF No. 8.

As of this date, the pro se Plaintiff has not filed the amended complaint as required.  Plaintiff also did not request an extension of time in which to comply.  It appears Plaintiff has abandoned this case.

---

[1] Plaintiff's attention was also directed to a provision of the FCRA which, as Defendant cited in the prior motion, states that "no consumer may bring any action or proceeding in the nature of defamation . . . against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e) (quoted in ECF No. 7 at 6).  Plaintiff was required to consider whether there was a factual basis to pursue a defamation claim in light of § 1681h(e).  ECF No. 8.

Case No. 4:25cv508-MW-MAF

Notably, a warning was given to Plaintiff that a recommendation to dismiss this case would be entered if Plaintiff failed to file the amended complaint as required.  ECF No. 8.  Because Plaintiff did not comply, this case should now be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  <u>Smith v. Bruster</u>, 424 F. App'x 912,

Case No. 4:25cv508-MW-MAF

915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not respond to a clear and direct Court Order.  ECF No. 8.  Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 18, 2026.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**